UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JULIE GRANT,

    Plaintiff,

v.                                    CASE No. 8:03-CV-2397-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

_____

## ORDER

THIS CAUSE came on for consideration upon the plaintiff's Petition for Attorney's Fees (Doc. 31) filed by counsel for the plaintiff on September 17, 2008. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $3,152.09 in fees to be paid, by virtue of a fee assignment, to the plaintiff by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental

security income payments. This matter was previously remanded to the Social Security Administration pursuant to sentence six of 42 U.S.C. 405(g) for further administrative proceedings (Doc. 23). The Commissioner then filed a motion to re-open the case (Doc. 25) and a motion to affirm the final decision awarding benefits was granted (Doc. 26). Judgment was therefore entered in favor of the plaintiff on June 17, 2008 (Doc. 29). The plaintiff then filed this application for attorney's fees under the EAJA (Doc. 31).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $3,163.25 (Doc. 31). This amount represents 3.25 hours of service before the court in 2003 at an hourly rate of $149.44, 3.20 hours in 2004 at an hourly rate of $153.10, .50 hours in 2005 at an hourly rate of 156.75, 1.50 hours in 2006 at an hourly rate of $161.25, 9.50 hours in 2007 at an hourly rate of $165.00, and 1.75 hours in 2008 at an hourly rate of $171.38 by attorney

Michael Steinberg (id., pp. 2-3). The defendant's response states that it has no objection to this request (Doc. 32).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 19.70 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $149.44 per hour for work performed in 2003, $153.10 per hour for work performed in 2004, $156.75 per hour for work performed in 2005, $161.25 per hour for work performed in 2006, $165.00 per hour for work performed in 2007, and $171.38 per hour for work performed in 2008 (Doc. 31, pp. 2-3). However, the request for 2008 has now plainly crossed into the area of unreasonableness.

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner has not objected to these requests and I have therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has, as of 2007, become a base of at least $165.00 per hour. Frankly, if that rate were subject to scrutiny following an objection, it would probably be found to be unreasonably high.

In all events, the request of more than $170.00 per hour for 2008 is patently beyond the bounds of reason. In this respect, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case more than $170.00 per hour, when the maximum rate for criminal defense lawyers defending capital cases is $170.00 per hour. Unquestionably,

it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the request for a rate of $171.38 per hour for work done in 2008 is rejected.

However, as I have already done in another case making a similar request, I will apply a rate of $165.00 per hour for work done in 2007, although that is only one dollar per hour less than was paid for work defending capital cases that year. Moreover, I will also use that rate for work done in 2008.

Finally, it is requested that the attorney's fees be paid directly to plaintiff's counsel (Doc. 31, p. 3). In Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008), the Eleventh Circuit held that an EAJA award in a Social Security disability case is payable directly to the plaintiff, not counsel. In this case, the plaintiff has not agreed to assign the EAJA award to his counsel (Doc. 31).

Furthermore, the defendant raised opposition to an award of attorney's fees under the EAJA directly to counsel in this circumstance (see Doc. 32). Therefore, the award of attorney's fees is payable directly to the plaintiff in this case.

It is, therefore, upon consideration

ORDERED:

That the plaintiff's Petition for Attorney's Fees (Doc. 31) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of $3,152.09 in attorney's fees to be paid to the plaintiff by the defendant pursuant to the EAJA.

DONE and ORDERED at Tampa, Florida, this 6th day of October, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE